PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN †
JAMES R. HATTER *(Retired)*
KENNETH A. GRAY
WILLIAM C. DeWITT
ANDREW K. PRESTON**

OF COUNSEL

EDWARD P. RA

\* ALSO ADMITTED IN FL
\** ALSO ADMITTED IN NJ
† DECEASED

BEE READY FISHBEIN HATTER & DONOVAN, LLP

# BRFH&D
ATTORNEYS-AT-LAW

SENIOR ASSOCIATES

**STEPHEN L. MARTIR
DEANNA D. PANICO

ASSOCIATES

PETER OLIVERI, JR.
RHODA Y. ANDORS
THEODORE GORALSKI
MORGAN A. CLINE
JASON P. BERTUNA
**CHRISTOPHER J. NEUMANN
ANTHONY C. VASSALLO
SEAN F. FEMINELLA

April 21, 2023

*Via ECF and Letter*

Hon. Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza - Courtroom 840
Central Islip, New York 11722

  *Re:* *Craig Roth v. County of Nassau, et al.*
     *Docket No. 22-cv-5948 (MKB)(AYS)*

Dear Judge Shields:

  The undersigned represents Defendants in the above-referenced case, and we write this letter to respectfully request a pre-motion conference prior to filing a motion to disqualify Plaintiff's current counsel, The Russell Friedman Law Group, as counsel to the Plaintiff in this case.

  Plaintiff, Craig Roth, has brought this case pursuant to the Americans with Disabilities Act of 1991, 42 U.S.C. § 12101 et. seq. ("ADA") and 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments of the U.S. Constitution, alleging that the Defendants discriminated against him while Plaintiff attended the Nassau County Police Academy (Case 2:22-cv-05948-MKB-AYS; Document 4). Plaintiff also alleges retaliation in violation of the Americans with Disabilities Act. Id. In addition, Plaintiff alleges violation of the Equal Protection Act of 42 U.S.C. § 1983 in that the Defendants acted under color of state law as municipal officers when they allegedly discriminated against him and allegedly failed to provide him with a reasonable accommodation for his alleged disability. Id. Further, Plaintiff alleges Monell violations of 42 U.S.C. § 1983 against the County of Nassau ("County") for an alleged failure to supervise and train County employees at the Nassau County Police Academy, Id.

  By email dated March 21, 2023, our office learned that former Deputy Nassau County Attorney, Stephen E. Carlin, who had recently joined the Russell Friedman law firm, was going to represent the Plaintiff in this case. Upon information and belief, up until February 2023, Mr. Carlin worked in the Nassau County Attorney's Office as a Deputy County Attorney, and he was intricately involved in representing Nassau County and the Nassau County Police Department

Address: 170 Old Country Road • Suite 200 • Mineola, NY 11501 • Telephone (516) 746-5599 • Fax (516) 746-1045

("NCPD"). While with the County, Mr. Carlin has handled ADA suits, 42 U.S.C. § 1983 discrimination claims, and <u>Monell</u> claims, and he presumably has confidential information regarding the Defendants, and their defense and litigation strategy as a former County Attorney. In that capacity, Mr. Carlin represented the County and NCPD in matters that were substantially similar and/or substantially related to the subject case. As such, the County and NCPD are concerned that Mr. Carlin's and the Russell Friedman Law Group's representation of the Plaintiff in this matter violates N.Y. Rules of Professional Conduct R. 1.7; R. 1.8; R. 1.9 and particularly R. 3.8 (Special Responsibility of Prosecutors and Other Governmental Lawyers).

To his credit, Mr. Carlin recognized the conflict and the Russell Friedman Law Group assigned different counsel within the firm to represent the plaintiff. The County's position is that merely changing attorneys within the same firm is not enough to avoid or to remedy the conflict. Pursuant to N.Y. Rules of Professional Conduct R. 1.10 regarding imputation of conflicts of interest, Sec. (a) of Rule 1.10 states:

> "(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided herein."

The County does not believe that any of the exceptions contained in N.Y. Rule of Professional Conduct 1.10 apply, and as such, the County contends that both Mr. Carlin and the Russell Friedman Law Group should be disqualified as counsel to Plaintiff in this matter.

There is also a collateral issue that the Russell Friedman Law Group's conflict has created. Your Honor issued an order for initial discovery to be produced on April 10, 2023, and there is a case status letter due to Your Honor on April 28, 2023. In light of the plaintiff's firm's conflict, the County is reluctant to produce discovery until the County's motion regarding the conflict can be heard. As such, the County would respectfully request a stay of discovery until the County's motion can be filed and decided.

For the reasons outlined above, and for those that will be set forth at length in Defendant's moving papers, the Defendants respectfully request a pre-motion conference to seek leave to file a motion to disqualify Plaintiff's counsel in the above-referenced case.

Thank you for your time and consideration of this request.

Very truly yours,

Christopher J. Neumann

CJN:je
cc: Russell Friedman Law Group, LLP *(Via ECF and Letter)*
Stephen E. Carlin, Esq. *(Via ECF and Letter)*
Neil Flynn, Esq. *(Via ECF and Letter)*