# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CRAIG ROTH

                    Plaintiff,

          -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, CHRISTOPHER TODD,
individually and in his official capacity, LT.
CARSTEN, individually and in his official capacity,
SGT. DIBLASO, individually and in her official
capacity, SGT. WILDEMAN, individually and in his
official capacity, and NASSAU COUNTY POLICE
DEPARTMENT JOHN DOES #1-10 (fictitiously
named), individually and in their official capacities,

                    Defendants.

------------------------------------------------------------------X

Index No. 22-cv-5948 (MKB)(AYS)

**AFFIDAVIT IN SUPPORT OF
SUMMARY JUDGMENT**

**STATE OF MASSACHUSETTS**  )
                               )ss.:
**COUNTY OF BARNSTOBLE**  )

I, CHRISTOPHER V. TODD, being duly sworn, deposes and says:

1.      I am presently employed as Deputy Bureau Chief of the Legal Bureau of the Nassau County Police Department.

2.      As such, I have personal knowledge of the facts below.

3.      I have been employed as an attorney for the Nassau County Police Department Legal Bureau since 2016.

4.      My responsibilities include ensuring that Police Department policies and procedures are in accord with laws and regulations, including the Americans with Disabilities Act.

5.      I have also been one of the Equal Employment Opportunity ("EEO") Representatives for the Nassau County Police Department since 2018.

1

6.    I am familiar with Nassau County's written EEO Policy, which includes policies and procedures on requests for reasonable accommodation.

7.    I have received training in Nassau County's EEO policies and procedures, including those for reasonable accommodation.

8.    In my official capacity, I have handled many reasonable accommodation requests for the Nassau County Police Department, including the Plaintiff's request.

9.    I am not the final decision maker on employees' requests for reasonable accommodation, including the Plaintiff's request for reasonable accommodation in this action.

10.    The Police Commissioner makes the final determination on employees' requests for reasonable accommodation, as he did for the Plaintiff.

11.    On January 26, 2021, I emailed the Plaintiff after I received his request for a reasonable accommodation with a letter from his doctor, Dr. Taylor Rieff.

12.    In the email, I introduced myself to the Plaintiff as the Police Department's EEO representative and stated:

> I received your Request for a Reasonable Accommodation wherein you requested that: (1} your distance running be restricted to less than 3 miles; (2) you be permitted a day of rest in between distance runs; (3) you be provided additional time for timed running trials; and (4} alternative cardiovascular testing or exercise due to your diagnosis of Schmid metaphyseal dysplasia.

13.    In addition, in the email, I requested that the Plaintiff provide documentation from his doctor substantiating his impairment and its severity and duration, and providing additional information, so that the Police Department could properly address his request, including:

> 1) a daily maximum distance you are capable of running with your impairment; 2) a maximum distance you are capable of running at 1 time with your impairment; 3) whether a day of rest is necessary in between distance runs regardless of distance; 4) a recommended amount of additional time necessary to complete timed-running trials; 5) the specific exercises/activities that cause the onset of /exacerbate pain associated with your impairment; 6) the nature,

2

frequency, and duration of such pain; 7) the exercises/activities/functions limited by the pain; 8) the extent the pain limits your ability to perform those exercises/activities/functions; and 9} certifying that with your impairment, you can safely perform the Physical Training Standards as listed in the Nassau County Police Academy Standards and Rules for Police recruits, or in the alternative, an explanation of the reason(s) why you cannot perform the Physical Training Standards.

14.    On January 27. 2021, the Plaintiff emailed me to let me know that he had contacted his doctor about obtaining the requested additional medical information and that he had an appointment with the doctor in connection with my request.

15.    I emailed the Plaintiff in response directing him to coordinate the medical appointment with his supervisors.

16.    On January 28, 2021, I emailed the Plaintiff to advise him that I had been contacted by the Director of the Nassau County EEO Office, Mary Elizabeth Ostermann, informing me that she had received a call from the Plaintiff's father, who stated that the Plaintiff wanted to make an EEO complaint in addition to the request for reasonable accommodation.

17.    In the email I advised the Plaintiff that his father could not make an EEO complaint on the Plaintiff's behalf and that no member of the Police Department could engage the Plaintiff's father regarding EEO matters that do not directly concern his father.

18.    In addition, I advised the Plaintiff that if he was alleging that the Police Department's EEO policy had been violated, he could review the EEO policy I was attaching and complete a complaint form and return it to my attention, and an investigation would follow.

19.    However, the Plaintiff never sent me an EEO complaint alleging discrimination, including harassment on the basis of disability.

20.    After Ms. Ostermann asked me to follow up with the Plaintiff's father, I called the Plaintiff's father.

3

21. During the call the Plaintiff's father mentioned that he was a retired lieutenant for the Nassau County Police Department.

22. During the call, the Plaintiff's father inquired as to how his son could request an accommodation.

23. I informed the Plaintiff's father that I would reach out to the Plaintiff, but since this was a highly confidential EEO matter, I could not discuss specifics.

24. Pursuant to my email of January 26, 2021, requesting additional medical from the Plaintiff, the Plaintiff sent me a letter from Dr. Rieff, dated January 29, 2021.

25. In the letter, Dr. Rieff confirmed the Plaintiff's diagnosis of metaphyseal dysplasia, Schmid type, with "osseous abnormality" of the hips and tibia, with hip abnormality which "limits his hip motion" and tibia abnormality which places "additional stress on the tibia with high impact activity like running," and which is "a permanent condition due to bone deformity."

26. Dr. Reiff's letter stated, "I do think long distance running is not reasonable for him given the increased energy expenditure required given his stature, hip morphology and tibial bow."

27. In addition, in the letter, Dr. Reiff reduced the maximum distance the Plaintiff could run at one time to 2 miles; confirmed that a day of rest was required after 1 mile of running; increased the amount of time the Plaintiff would need for the 1.5 mile run to 13:29 (minutes:seconds); and stated that pain would result if the Plaintiff ran more than 1 mile.

28. In the letter, Dr. Reiff opined that "Mr. Roth can safely perform the Physical Training standards of the NCPD as have been explained to me except as listed above."

29. The Nassau County Police Academy curriculum, including its Physical Fitness Training Standards, has been approved and certified by the New York State Division of Criminal Justice Services ("DCJS"), and the DCJS has determined that the curriculum "satisfies the minimum training requirements as established by the MPTC [Metropolitan Police Training

4

Council]." (*See* **Attachment 1,** DCJS approval letter).

30.    New York State Executive Law ("Executive Law") §§ 837(1) and 840 provide the statutory authority for the MPTC to develop rules and regulations for municipal police training schools in New York State.

31.    The MPTC rules and regulations govern the courses of study, attendance requirements, minimum qualifications for instructors and "[t]he requirements of minimum basic training which police officers appointed to probationary terms shall complete before being eligible for permanent appointment, and the time within which such basic training must be completed following such appointment to a probationary term." Exec. Law § 840.

32.    The Nassau County Police Academy follows the Municipal Police Training Council's Basic Course for Police Officers who are recruits ("the Basic Course"), published by the New York State Division of Criminal Justice Services.

33.    The Basic Course requires that "[i]n order to graduate, officers must meet the minimum (exit-level) physical fitness standards established by the Municipal Police Training Council." *Id.*

34.    The Basic Course states that:

Physical fitness training standards are based upon a three-segment physical training test [sit ups, push-ups and a 1.5 mile run]. *Testing must be done in strict accordance with the protocol established by the Cooper Institute for Aerobics Research. There are no substitutes allowed for these tests.*

With regard to the final test, *the recruit must pass each of the three segments of the test, with a minimum score that meets or exceeds the 50th percentile according to the age and sex-based norms developed by the Cooper Institute for Aerobics Research*. These norms are outlined in the tables which follow. [*See* **Attachment 2,** Cooper Standard Tables].

5

...If the recruit fails to meet or exceed minimum requirements in each area of the final test or retest, he or she will not be issued an MPTC Basic Course for Police Officers certificate of completion.

(emphasis added).

35.    As shown in Attachment 2, the Cooper Standards 50th percentile minimum score for the 1.5 mile run for a 29-year-old male, like the Plaintiff during the time he attended the Nassau County Police Academy in 2020-2021, is 11:58 (minutes:seconds).

36.    Therefore, Dr. Reiff's requested accommodation for the Plaintiff to run 1.5 miles in 13:27 (minutes:seconds) did not meet the Cooper Standards 50th percentile minimum score and was impermissible under the MPTC Physical Fitness Standards, as "no substitutes are permissible."

37.    Further, the Nassau County Police Academy's curriculum, approved by the DCJS, which follows the MPTS Basic Course for Police Officers, requires recruits to meet the exit-level, physical fitness standards at the 60th percentile of the Cooper Institute standards,

38.    The Cooper Standards 60th percentile minimum score for the 1.5 mile run for a 29-year-old male, like the Plaintiff during the time he attended the Nassau County Police Academy in 2020-2021, is 11:27 (minutes:seconds).

39.    Therefore, Dr. Reiff's requested accommodation for the Plaintiff to run 1.5 miles in 13:27 (minutes:seconds) did not meet the Nassau County Police Academy's 60th percentile minimum score and was impermissible.

40.    Moreover, the Nassau County Police Academy course requires attendance by recruits five or six days a week, with distance running up to four times a week, working up to runs of 3 to 5 miles, and physical fitness training daily.

41.    Therefore, Dr. Reiff's requested accommodation for the Plaintiff to take a day of rest after running a mile was impermissible.

6

42.    Accordingly, the Police Commissioner denied the Plaintiff's request for an accommodation, and on February 11, 2021, I emailed the Plaintiff the written determination denying his request, with a copy of the Class Specifications for a Nassau County Police Officer.

43.    The determination stated that:

The duties of a Police Officer Recruit include the essential functions of completing the progressive course of daily physical training and testing designed by the NYS Division of Criminal Justice Services (DCJS), Municipal Police Training Council (MPTC) based on the model formulated by the Cooper Institute for Aerobics Research. Completion of these standards, including the 1.5 mile run within the time prescribed by a Police Officer Recruit's sex and age, is required by New York State for all Police Officer Recruits...Police Officer Recruit Roth must meet the training and testing standards set by New York State in order to obtain a Basic Course for Police Officers certificate of completion, which is a prerequisite to becoming a Police Officer in Nassau County.

44.    I also advised the Plaintiff that he could call me if he had any questions.

45.    On February 11, 2021, I received an email in response from the Plaintiff, with a number of questions, and a statement that he was hindered from calling me.

46.    On February 12, 2021, I responded to the Plaintiff by email, answering his questions and again offering that he could meet with me or with EEO Director Ostermann, and that I could arrange with his supervisors for such a meeting the next week, if that was preferable.

47.    The Plaintiff did not follow up on my offer to meet.

48.    On February 19, 2021, the Plaintiff submitted his resignation in a letter to the "Commanding Officer, Police Academy," stating that he had arrived at the decision to resign "voluntarily and of my own free will."

49.    In the resignation letter, the Plaintiff alleged that his resignation was due to "Covid-19 and denial of my reasonable accommodation request," and alleged "mistreatment and harassment due to my reasonable accommodation request."

50.     I treated the Plaintiff with professional courtesy and respect in regard to his request for a reasonable accommodation and believe his allegations are entirely without merit.



Christopher V. Todd

Sworn to before me this

28th day of July 2025

Notary Public

MICHAEL G. PALMER
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 29, 2031

8